COMMODORE'S POINT TERMINAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13402.  Promulgated November 29, 1929.

*Gordon Saussy, Esq.,* and *Charles W. Saussy, C. P. A.,* for the petitioner.

*J. L. Backstrom, Esq.,* for the respondent.

386

388

OPINION.

TRUSSELL: In accordance with the pleadings it has been found that petitioner is entitled to a deduction in the amount of $25,694.93 on

account of depreciation on its various fixed assets, which is $6,273.67 more than that allowed by respondent for the year 1921.

Also, in accordance with the pleadings it has been found that the amount of $800 should be eliminated from petitioner's taxable income for 1921 as determined by respondent, such amount representing a capital expenditure and not income.

The only question in issue in the proceeding at bar is with respect to the proper deduction for the year 1921 on account of dredging petitioner's water front. The evidence establishes that the use and benefit derived from the dredging operations lasts for a period of three years and we are of the opinion that the result of the dredging operations is in the nature of a capital improvement having a useful life of three years and that the actual cost thereof should be charged off over that period. Petitioner has used the estimated cost as the basis for its claimed deductions and respondent has allowed a deduction of the actual amount spent in each year as an expense. We believe both parties are wrong. Petitioner expended $23,083.40 in 1920 and $15,981.15 in 1921 for dredging, which cost should be spread over a period of three years, the life of the improvement. It is our opinion that for the year 1921 petitioner is entitled to deduct on account of dredging, one-third of $23,083.40, or $7,671.13, and one-third of $15,981.15, or $5,327.05, making a total deduction of $12,998.18.

*Judgment will be entered pursuant to Rule 50.*